I'm here on behalf of Michael Dowell, who was the plaintiff in the case below and is the appellant in front of this Court. This is a summary judgment case and our claims on Appeal No. 7, I believe. I'm going to focus my argument this morning on Claims 4, 6, 7, and 8. I will be happy to try to answer any other questions the Court may have, but for 4 claims, all have at their heart a probable cause statement signed by Officer Christopher Bartlett on October 11, 2008. Officer Bartlett had been, this case was a murder case. It was a capital murder case that began way back in 1991. Michael Dowell was actually arrested on the charges after submitting a DNA sample in a completely unrelated matter, which came back with a hit on a sample of semen that was taken from the murdered girl's underwear. On December 14, 2006, Mr. Dowell was questioned and arrested. On December 15, 2006, Christopher Bartlett wrote the first probable cause statement in support of the State's case, charging Michael Dowell, among other things, capital murder, forcible rape, armed criminal action, and I think there may have been another charge or two. Mr. Dowell was eventually tried for that murder case, not in Lincoln County, but in Boone County. The trial began, I think, on September 30, 2008. On October 3, 2008, the jury came back with a not guilty verdict on the capital murder and also the lesser-included offenses of second-degree murder and voluntary manslaughter. On October 11, 2008, just eight days later, Christopher Bartlett was told to file a new probable cause statement, and he was told that it was to be on a charge of rape. This is in his deposition. I believe the court has the pages of the deposition, but no one has disputed that fact. No one has disputed the fact that Mr. Bartlett, in his words after a four-minute conversation with the prosecuting attorney, filed a copy-and-paste version of his original probable cause statement. He made no changes other than to delete any reference to murder. There was no further investigation. There was no further questioning by Mr. Bartlett other than the four-minute conversation with the prosecuting attorney. He copied-and-pasted his original probable cause statement, signed it, and dropped it off with the prosecuting attorney's office. The court below, in granting the defendant's summary judgment motions as to counts 4, 6, 7, and 8, count 4 is a federal claim alleging Fourth Amendment violations, arrest without probable cause, pursuant to Section 1983. Count 6 is a municipal liability claim against Lincoln County for failure to supervise and train its employees. Counts 7 and 8 are both supplemental state claims, one for false imprisonment, one for malicious prosecution. In granting the motion for summary judgment, the district court said that based upon Dr. Mary Case, who was the coroner in the murder case, based on her testimony alone, Officer Bartlett could have found probable cause of the rape. And the district court found that the acquittal didn't have anything to do with Dr. Case's testimony. This is in direct contravention to the case law that applies from this court. Probable cause in Heal v. Burtis, 173 Federal 3rd, 646, this court held in 1999, an officer contemplating an arrest is not free to disregard plainly exculpatory evidence, even if substantial inculpatory evidence standing by itself suggests that probable cause exists. Our position today, and I think the heart of these four claims is, I don't know what more substantial exculpatory evidence exists than a not guilty verdict. Officer Bartlett wasn't free to simply ignore that fact. And again, there is no disagreement among the parties. Well, he had, the officer had the DNA saying that he'd had sex with her the day before at least his semen was on their clothes and so forth. Now, he had denied it, had denied knowing her and so forth. So she had defensive wounds, at least arguably defensive wounds. Why is that not enough? Probable cause standard is pretty low. Why is that not enough that he had had sex with her, he had denied it, he had, she had defensive wounds on her? Because it wasn't enough for the jury. The jury had just acquitted him. But he wasn't tried for, I thought he was tried for rape. The rape was always, and again in Bartlett's deposition he admits this, I don't think the parties would be in disagreement about this. The rape was always considered to be part of the operative factual scenario of the murder. In other words, the rape was the reason for the murder. The theory all along, the investigation all along, based on Dr. Case's autopsy report that you've just discussed, Judge, the theory all along was that whoever murdered this girl raped her and then murdered her in order to cover up the rape. And so at the trial, and as part of the original investigation which was culminated in the first probable cause statement, the sexual assault or the allegation of sexual assault was very much a part of the evidence that was presented. They're not separable. And so our concern is that to come back only eight days after a jury had found him not guilty on not only the capital murder, but on all of the lesser included offenses, which would have included the very same force and violence that a forcible rape would contain. How do you explain the difference in probable cause? A murder was, he was found not guilty beyond a reasonable doubt. That's the standard. But probable cause doesn't come anywhere near that. And it's probable cause of a rape. But not a new one, Judge. There's no evidence that there was a suggestion that there was a different rape, or a separate rape, or a prior rape. There's no evidence at all. And indeed, Officer Bartlett says in his deposition that when the prosecuting attorney called him and said, just file this again, he was dumbfounded. In fact, he says in his deposition, I said, why don't we just file my original probable cause statement? And was told not to, and he accepted that. Let me ask you this. You generally have to show that the court left out, or the officer left out some material information or misled because you have the intervening cause of a judge looking at it, and otherwise, no. So what, are you saying that he should have disclosed that there was, not that he shouldn't applied for, but he should have disclosed that there was this prior acquittal? I think so, Judge. I think so. Or, he should have done some more investigation, at least some more questioning. But, and I think, and honestly, when I was preparing for argument this morning, not that I was preparing this morning, but when I was preparing for the argument, I thought to myself, you know, if I said you should include in a probable cause statement, Mr. Police Officer, the fact that this person that you're trying to arrest, for the very same acts that made, formed the basis of the original probable cause statement two years ago, you should have included in this second, otherwise identical probable cause statement, the fact that that person was just acquitted of these charges. And I thought, you know, why would anybody put that in a probable cause statement? And my response was, exactly. Why would you put it in there? Because it doesn't make any sense. I think the problem is that when you say, isn't probable cause a lower standard, we always look at cases, I've been a criminal defense lawyer for many, many years. Probable cause statements always come before the trial. And so, yes, indeed, it's always a lower standard. It's probable cause. It's not beyond a reasonable doubt. But I've never, honestly, seen a case where the self-same probable cause statement is used eight days after the man is acquitted. And one of the problems that I have with that judge, also, is that if it is proper, and this is a summary judgment case, again, the district court said there was no scenario other than, probable cause is typically a question for the jury, but the plaintiff offered no scenario other than the fact that Mary Case's testimony changed slightly. That's not accurate. We also offered the fact that the man was acquitted. And that wasn't included. There was no further investigation done. The problem is that if a prosecutor can come in and say to an investigating officer, just sign this. Put this in your probable cause statement and sign it. It completely does away with the requirement for a probable cause statement. The prosecutor's not properly acting as an investigator. His police officer is. And for a prosecuting attorney to be able to come in and say, pull that old two-year-old probable cause statement, never mind the fact that the man's just been acquitted, and just dust it off and take out the murder and put the rape back in, and we'll just have a do-over, quite frankly, Judge, is exactly, I think, what was going on. And the Missouri Court of Appeals, I know that this is after the fact, but the Missouri Court of Appeals opinion affirming the Lincoln County Circuit Court's dismissal of the rape charges on collateral estoppel grounds goes through exactly why the only issue in front of that jury was who did the murder, not how did the murder happen, but who did it. And there was no evidence of third-party guilt. There was no question that this poor woman was murdered. There was very little question about how the murder occurred. And frankly, even if we accept Dr. Case's testimony as true, and the sexual assault occurred along with the murder and was the motivating factor for the murder, the question was who? Who murdered this girl? And the jury said, not Michael Dow. I think I may know the answer to this, given your pleadings, but are you saying the only things that he omitted were Dr. Case's different, slightly different testimony and the fact of the acquittal? In other words, were there any other facts related to the defense at trial that would have been relevant to the probable cause affidavit? The fact, and Bartlett knew this, and it's also in his deposition, the fact that he knew that this case treated the sexual assault and the murder as one continuous act, as bookends, I suppose, if you will, for the activity, the sexual assault being the cause for the murder. So there was no evidence or testimony at trial regarding a third person or a fourth person's? There was testimony at trial regarding third-party guilt. There were several witnesses who, well, there was a lot of testimony about it, actually, but there was another man in the town who had been going around bragging that he had done it. But that's not, you're not, that's not what you're trying to say he should have put in. It's the fact of the acquittal and the change or slight modifications to Dr. Case's testimony. Yes, Judge, and I think the fact of the acquittal, because the case law clearly says if there is a reckless omission of a fact that would have thrown the probable cause into doubt, that's not probable cause. And in this case, I think whether or not the acquittal would have ended the day, I think it certainly would have thrown probable cause to start over again into doubt. That's one problem. The other problem we have, and I'm getting into my rebuttal time, is that this man, the prosecuting attorney, the policymaker for Lincoln County, and this is count six in a nutshell, simply told this law enforcement officer, put this in your probable cause statement and sign it and drop it off. See, and that bothers me, because you're really arguing prosecutorial misconduct, and that's not what your complaint is. No, in count six, Judge, we're arguing municipal liability based on a policymaker's wrongdoing. And the policymaker in this, and this is just count six, but the reason count six summary judgment was granted was because there was no... Well, but I think what you're talking about, they have immunity for. Not if he's acting in an investigative capacity, Judge, and that's, I think, the Burns case. I know I wrote the opinion in our circuit that expanded that to say that, but he's... The case that I wrote, they were involved in the investigation of it, not... Once he's giving advice about probable cause, I don't think he's in the investigation part of it. He's doing part of his prosecutorial job. Well, Judge, I think, unlike Christopher Bartlett, who did not attend the trial, the prosecuting attorney's office clearly prosecuted the trial, and that person knew far better than Christopher Bartlett that the facts in that trial that came out included the facts. That's why... I'm not doubting you there. I just think that you've moved into his immunity area, and you're basing it on the prosecutorial function, rather than just looking at Officer Bartlett and what did he do, and he's just following the instructions of the prosecutor. Well, that's kind of the... I mean, that's kind of the defense of the Nazis. We were just following orders, Judge. I don't think he can abdicate his duty to investigate. Bartlett, that is to say. And I think knowing that the acquittal had just happened, he had a duty to investigate more than just a four-minute conversation that said, just sign the old one. I'm down to about 28 seconds. I'm sorry. I'll reserve a little bit for later. Thank you. Okay. I guess, Mr. Dunn, you're going to do the first half. May it please the Court, Your Honor. It had been my intention to take the first half of the appellee's time, but I'm here to defend the granting of summary judgment in favor of counts one, two, and five, which were not argued by the appellant. We believe entry of summary judgment on those counts against the clients I represent, who are Major K-Squad Deputy Commander William Carson and Sergeants Dilworth, Boyer, and Egan of the Major K-Squad. The claim against these officers arises from the detention, questioning, and then reading of probable cause statement number one to the appellant shortly after he was taken into custody. I'm certain that the plaintiff is not waiving his claims as to those counts, but we would simply rely on the district court's findings that we were entitled to summary judgment on those counts. And I'm perfectly prepared to cede any other time remaining to Mr. Brett so he can address the points that were raised in the argument. Well, just a minute. Let me see if I've got any questions or points. But if I'm speaking too soon, I'm prepared to answer any questions. If I may preface this. What is your view on this circuit split? Your Honor, I, I, I think that this case falls squarely into the qualified immunity category for the reason that the statements that were given, even if arguably they were taken in an arguable violation of the appellant's Fifth Amendment rights, they were never used against him. And in fact, the statements that were made were not inculpatory statements. I think that separates the facts of this case from, from Chavez or, or any other of the, of the cases cited in the briefs about the circumstances under which a, a compelled self-incrimination statement can be the basis of a Section 1983 charge. And in, in this case, what happened was that the statements were found by the District Court not to be compelled, but that they were voluntary. But in my mind, the issue really turns on whether or not the statements that were obtained were inculpatory. And in this one, the, the gentleman steadfastly insisted that he didn't do it. He didn't even know her, certainly never had sex with her, and didn't kill her. And so, how can it violate his Fifth Amendment rights when the statements that were obtained weren't even inculpatory, much less not used against him in a criminal proceeding? That, that, that's the point that I would make about that. The Fourteenth Amendment claim with regard to the overbearing nature of the interrogation, I, I would challenge anyone to actually watch the video that does exist of the interrogation and find that it, overbearing, and, and certainly nothing approaching the, the language that the cases use about the circumstances under which a Fourteenth Amendment violation can be found where, where the, one's sensibilities are offended by the conduct of the officers. It, it simply never happened in this case. Okay. Thank you, sir. Thank you. Morning, Mr. Brett. Morning. If the Court please. I'll address the issues in count four, which is point four, which really go to the other points also, and that, of course, is the probable cause statement of October 11, 2008. Officer Bartlett lives in a law enforcement box when making a probable cause statement out. At the time of the probable cause statement, before I forget, I, I just want to correct something that Ms. Law said. Actually, when asked in deposition, when Mr. Bartlett was asked in his deposition, are you aware of the fact, sir, that, I'm paraphrasing, that you, that the State's theory of the case was that the sexual assault was closely tied and the underlying motivation for Mr. Dowell's murder, act of murder, and Mr. Bartlett says, I have no idea what the theory of the State's was, and then admitted again that he didn't attend the trial. So his box is based on the facts that he had at the time he participated in the major case squad investigation, and those facts are set out in detail in five paragraphs. He, he did simply, under word processing these days, delete the murder probable cause statement. However, looking at each of those five paragraphs, every one of them is accurate. Even the statement by Dr. Case that there was abrasions, that there was force use, that the perpetrator forcefully held Stephanie Hoagland, and of course the CODIS hit which reflected Mr. Dowell's DNA on Ms. Hoagland's undergarment. Those are all facts that go to the probable cause of forcible this acquittal occurred, which again, by the way, and this isn't part of the record, everyone of course knew that that was the case in Lincoln County, including Judge Burkamper, who eventually signed the arrest warrant based on this statement. So I believe the plaintiff's, the appellant's argument is that something more should have been included in this probable cause statement, something exculpatory or that would at least give rise to a question in the judge's mind, and if it was, well, he was just acquitted for murder, I'm not sure that changes anything in this probable cause statement with the CODIS hit, the DNA, Barry Case's opinion, and, and the variation in opinion is really a variation, I think, more favorable to the prosecutor than to the defense because her report didn't go as far as her trial testimony, and we had the advantage of having her trial testimony because it was a recorded videotaped deposition taken before the trial. What about the assertion that, look, this murder and this rape were tried so closely together at this previous trial where there was an acquittal, that to omit the acquittal is really to eliminate a big chunk of the factual scenario that Officer Bartlett or anyone preparing this would have had? I think our position on that is that that is something the prosecuting attorney and the prosecuting attorney's office needs to analyze, not Officer Bartlett, because, again, even if the prosecuting attorney had said, look, Bartlett, you know, we had this underlying sexual assault issue which we thought provided the motivation, I'm not sure he would have put that in there or how he would have put it in. I mean, on the collateral, and again, the court on this forcible rape charge didn't dismiss because of a lack of probable cause or a lack of evidence or a lack of any issue going to these of collateral estoppel and how it applies in the criminal justice system. That's something so far out of reach of Officer Bartlett that, in fact, Officer Bartlett had no idea, and apparently the prosecutor did not either, that this collateral estoppel matter was going to be an issue. But at no point was there any evidence, either at a you admitted a relevant exculpatory fact. Because, again, the charge of rape was dismissed by the prosecutor before the jury heard evidence, I believe, and that issue was never brought up again other than factual arguments in the trial. And if we look at, and I've looked at a lot of these qualified immunity cases, where the court says the officer has to have an arguable probable cause in order for his acts to be objectively reasonable, in every one of those cases, either when there's a finding of no qualified immunity, it's because there's some egregious lie that's told, or the officer misstates what witnesses said, or the officer, one case there's an FBI, I think it's a Ninth Circuit case, but these cases go to basically officers lying, misrepresenting, misdirecting a judge, and those misdirections are done deliberately. In fact, all the cases, the Eighth Circuit cases, the ones where the court finds that there's no qualified immunity, it's when the law enforcement officer misstates what was said, or doesn't interview a couple witnesses that are at the scene. Some of these are warrantless arrests, so there's an exigency issue that goes along with that. But at no point- Are you saying then that there was, in this new October 11th statement, there was sufficient probable cause to believe he committed a rape even though he was acquitted of a murder? That there was independent probable cause for a rape alone? Is that what your position is? My position is that these facts that are set out in this 2008 statement are accurate. So they're accurate, but I guess what I'm trying to get at is if you slice out the murder part of it, can the state actually say, we have reason to believe that, okay, he didn't commit the murder, but we believe he committed the rape and we've got probable cause for that? So if you really do slice that off of it, do you still have probable cause given the jury's verdict? Is that what the state's saying? That's what the state's saying. That's what the prosecutor said. Look, we've got the same facts that we had before this trial, except that the jury, for some reason, acquitted Dowell. But we never charged him with rape, so we can go forward on these facts, so he thought, and make these same arguments that there wasn't a sexual assault, that his DNA was found on this victim. I mean, we're not even sure, I think, generally, we wouldn't know why the jury acquitted this person. So I think not from Officer Bartlett's position. Everything you say may be true, but you're not answering directly Judge Kelly's question, which is, do you believe that Officer Bartlett, when he went and submitted this, that he, representing the state, believed that with the acquittal of the murder that there was probable cause to charge and try this person for rape? Yes. Because he still had the same facts before. He didn't know what factors went in. And if he'd have put the acquittal in the affidavit, he would have believed that there was arguable, probable cause that the judge would grant the arrest warrant. Yes. I think if he would have said, paragraph six, defendant was acquitted for murder six days ago, I think that Judge Burkenber, who would have known that anyway because of the size of the county and the shocking information about this case, there's no reason to believe, after looking at this, that he would have still been, that the judge would have still said, well, there's enough factual basis here to believe that there was a forcible rape committed. Now, is some of that, you know, again, it's at the beginning stage of the criminal process. So some of these facts may not have been coming to him at any time. Your time's running out. Let me jump to the county and also related to Bartlett. It sounds like the plaintiff is arguing prosecutorial misconduct here in telling Bartlett to file the affidavit and telling him what to put in it or what not to put in it, and that that makes the county liable. Now, I'm not so sure that that's alleged, but that's the argument that we heard in the district court in here. What is your reaction to that? All right. This was a summary judgment. It wasn't alleged. There was no factual evidence, no policy, no hierarchy of who does what at the county. And the fact is that the prosecuting attorney isn't a policymaker for the sheriff's department. So that's not even a fact that was considered because none of that was raised until this briefing. At no point, I believe, I don't recall seeing anything about the prosecutor. In fact, in response to the argument, I think I said, wait a minute, where did this come from? The prosecuting attorney doesn't oversee the sheriff's department. I think the elected sheriff would take exception to that. And certainly the prosecutor doesn't set the policy of the sheriff's department. So there was no factual basis. And I think that recent case, it's Atchison, which the 8th Circuit decided recently, had a review of where municipal liability comes in, and there has to be either a repeated heirs notice to the policymaker that this is going on, that something, misconduct's occurring, or that there's a custom or procedure that's being used that's inappropriate. I think what the plaintiff is arguing about the prosecutor is that this was prosecutorial misconduct. If he knew that he couldn't make this case based on this acquittal. But I don't think that should fall on Officer Bartlett. I think Officer Bartlett's box is fairly limited as to what he needs to put in this probable cause statement. And so unless he misguided or misled the judge, which is what all these qualified immunity cases really go to, is there a misleading statement, a lie, a mischaracterization of evidence? Your time's expired. Thank you very much. I think we have a little bit of rebuttal time. I'll give you a little more now. We'll see what you have to say. I'll try to be really, really fast and succinct. First of all, I think it's important to know, or to reiterate, this case wasn't tried in Lincoln County. And so the judge who signed off on the probable cause statement wasn't necessarily privy to the facts that had just happened eight days before in Boone County over in Columbia, Missouri. Number two, Officer Bartlett in his deposition said to me in response to my question, but certainly it was your understanding in the 2006 investigation that the sexual, the forcible sexual assault was part of the facts of that case, correct? He says, yes. Whether consensual, non-consensual, whatever, the sexual activity and the murder, they were all basically from a time standpoint happening at about the same time, correct? Yes. That was always your understanding? Yes. And, in fact, the rape facts, if you will, and that's sort of a crass way to refer to them, but the issue of the rape was so much a part of the trial that Mr. Dowell actually put on a medical expert who testified in contravention of Dr. Case's belief that some minor lacerations on the poor victim's vagina were evidence or potentially evidence of forcible rape, and this doctor came in and said, no, they're old because of their appearance. There was no blood on the underwear. So, I mean, these facts were not just, you know, setting the scene or something like that. They were, the facts of the sexual assault were very much a part of this trial, which is what the Missouri Court of Appeals says in the collateral assault. I think we got that point. Thank you very much. Thank you, Judge. We thank you both for your arguments, and there are all three of you, and we will take it under advisement and be back to you.